# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | IN CHAPTER 7 PROCEEDINGS |
| ) | |
| CHAD STONE; ) | CASE NUMBER 24-50671-amk |
| ) | |
| *Debtor*, ) | JUDGE ALAN M. KOSCHIK |
| ) | |
| NOLAN HILBRUNER ) | ADV. CASE NO.: |
| 3060 Robin Drive ) | |
| Ravenna, Ohio 44266 ) | **PERMANENT PARCEL NUMBERS** |
| ) | **6726296 AND 6709603** |
| *Plaintiff*, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHAD STONE ) | |
| 5210 Kaylin Drive ) | |
| New Franklin, Ohio 44319 ) | |
| ) | |
| *Defendant*. ) | |
| ) | |
| Notice also to: ) | |
| ) | |
| Peter G. Tsarnas ) | |
| Attorney for Debtor ) | |
| 159 South Main Street, Suite 400 ) | |
| Akron, Ohio 44308 ) | |
| (*Debtor's Attorney*) ) | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF A PARTICULAR DEBT PURSUANT TO 11 U.S.C § 523(a)(2), § 523(a)(4) AND § 523(a)(19)**

Now comes the Plaintiff, Nolan Hilbruner (hereinafter the "Plaintiff"), by and through undersigned counsel, and for his adversary complaint states as follows:

1

## JURISDICTION AND VENUE

1) The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157 and 1334 and 11 U.S.C. §523(a). This is an adversary proceeding pursuant to Bankruptcy Rule 7001(6) and a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (I). Pursuant to Bankruptcy Rule 7008, the Plaintiff states that he consents to the entry of final orders and judgments by the bankruptcy court.

2) Venue is proper in this district pursuant to 28 U.S.C. §1409.

## STATEMENT OF FACTS

3) Plaintiff is an individual currently residing in Summit County, Ohio.

4) Upon information and belief, the Defendant, Chad Stone (hereinafter the "Defendant"), is an individual residing in Summit County, Ohio.

5) Upon information and belief, Defendant had an ownership interest in two limited liability companies called Instant Rehab Ohio, LLC (hereinafter "Instant Rehab") and Stone's Construction and Remodeling, LLC ("Stone's Construction") (collectively, the "Companies").

6) Upon information and belief, Defendant had control over the business operations of the Companies.

7) Defendant holds him himself out to be knowledgeable in real estate construction.

8) Plaintiff and Defendant Stone entered into an agreement ("Agreement") wherein Plaintiff was to lend the sum of Seventy Thousand Dollars ($70,000.00) to a limited liability company owned or controlled by Stone, namely Defendant Instant, which loan was to be secured by a first lien (the "Mortgage") upon certain real property located at 672 Moon Street, Akron, Ohio 44307, Permanent Parcel Numbers 6726295 and 6709603 (the "Property") in exchange for approximately Sixteen Thousand Dollars ($16,000.00) in work done to Plaintiff's real property

2

(3060 Robin Drive, Ravenna, Ohio 44266) by Defendant Stone's. A true and accurate copy of the Agreement is attached hereto and incorporated herein as Exhibit "A," and a true and accurate copy of the recorded Mortgage is attached hereto and incorporated herein as Exhibit "B"[1] (collectively, the "Loan").

9) Instant Rehab is the record title holder of the Property by virtue of a Quit-Claim Deed recorded as Instrument No. 56717131 with the Summit County Office of the Fiscal Officer.

10) The documentation for the Loan was prepared by Defendants Stone and Instant, through their counsel.

11) Defendant Stone completed and supplied the forms necessary to initiate an investment by Plaintiff Hilbruner and supplied copies of the Mortgage.

12) The Loan provides that the borrower will renovate Sixteen Thousand Dollars' worth ($16,000.00) of work with a balloon of Seventy Thousand Dollars ($70,000.00) due on sale of the Property.

13) The Mortgage was supposed to be a first lien on the Property. *See* Ex. B.

14) The Mortgage is not a first lien on the Property, as a mortgage which remains unsatisfied.

15) Defendant knew at the time of the Loan and Agreement that the Property was in fact encumbered by other interests which would be superior in right to the Mortgage.

16) At the time of the Loan and Agreement, Defendant individually and on behalf of the Companies intentionally misrepresented to Plaintiff that the Property was unencumbered by other liens which would be superior in right to the Mortgage.

---

[1] While the Mortgage and Recorder's Office notes 674 Moon Street, according to the Agreement and the Summit County Fiscal Officer, the address is 672 Moon Street, Akron, Ohio 44307. It is believed that 674 and 672 Moon Street are the same building.

17) Defendant engaged in scheme to defraud the Plaintiff of the Loan Proceeds.

18) Upon information and belief, the Defendant on behalf of himself and other business entities in which he owned and/or controlled, engaged in a scheme to defraud investors, including the Plaintiff.

19) Defendant individually and on behalf of the Companies was engaged in a scheme to defraud the Plaintiff by inducing by artifice and trickery, the Plaintiff to enter into the Agreement and make the Loan, with the Defendant never having the intention to honor his promises and representations.

20) Defendant Stone has wrongfully converted the proceeds of the Loan to Defendant Instant to his own use and benefit and/or the use and benefit of Defendants Instant and Doe Corporations controlled by Defendant Stone.

21) None of the Seventy Thousand Dollars ($70,000.00) went to rehab the Property.

22) At all times relevant hereto, Defendant Stone directly or indirectly owned and/or controlled the Companies.

23) Defendant failed to renovate both Plaintiff's real property and the Property at issue and failed to have permits pulled or inspections performed at Plaintiff's real property, Robin.

24) By Defendants' own admissions, only Twelve Thousand Dollars ($12,000.00) of work was done at Robin.

25) Defendant has caused great damage to Robin, exceeding Fifty Thousand Dollars ($50,000.00) to repair and put back in good working condition.

26) As of the date of this filing, according to Zillow, Defendant has the Property listed for $95,000.00 since September 16, 2023, originally being listed for Two Hundred Nineteen Thousand Dollars ($219,000.00) on or around April 13, 2023.

27) Defendant stole Plaintiff's dishwasher, copper, and food from the refrigerator, totaling damages in excess of Two Thousand Dollars ($2,000.00).

28) Defendant failed to repay Plaintiff the Seventy Thousand Dollar ($70,000.00) principal

**FIRST CAUSE OF ACTION UNDER 11 USC § 523(A)(2)(A)**

29) Plaintiff reincorporates as if fully rewritten herein, the allegations contained in the above paragraphs.

30) That Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt-
>
> > (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> >
> > (A) false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition . . . .

31) That in entering into the Agreement and by entering into the Loan, the Defendant individually and on behalf of the Companies made representations to the Plaintiff that he would comply with and abide by the representations he made, including those set forth in the Loan.

32) That at the time of the Agreement and the Loan, the Defendant individually and on behalf of the Companies had no intention of honor those promises and representations he made.

33) That the promises and representations made by the Defendant individually and on behalf of the Companies, including those promises and representations concerning the value of the Property and the lack of superior encumbrances against the Property, were material promises and representations and induced the Plaintiff to enter into the Agreement and make the Loan.

34) That in the absence of the material promises and representations made by the Defendant individually and on behalf of the Companies, the Plaintiff would not have entered into the Agreement, nor would the Plaintiff have made the Loan.

35) That the Plaintiff reasonably and justifiably relied upon the false and fraudulent promises made by the Defendant individually and on behalf of the Companies, including but not limited to those representations concerning the work to be performed on the Property and to those representations concerning the lack of superior encumbrances against the Property and the value of the Property.

36) That the promises and representations made by the Defendant individually and on behalf of Companies with respect to the Agreement and the Loan were intentionally false and fraudulent representations.

37) That the Plaintiff performed all those promises made with respect to the Agreement and the Loan.

38) That the Defendant, individually and on behalf of the Companies knew or should have known that the Plaintiff would rely on the false and fraudulent representations made to him concerning the Agreement and the Loan.

39) That as a direct and proximate result of the Defendant's intentionally false and fraudulent material representations, the Plaintiff had been damaged in an amount in excess of $70,000.00.

WHEREFORE, pursuant to 11 USC § 523(a)(2), the Plaintiff seeks an order and judgment from the Court holding that the Plaintiff's Claim in the Case arose as the result of a false pretense, false misrepresentation and/or actual fraud on the part of the Defendant, and therefore such Claim is not subject to any order of discharge entered in the Case, and that to the extent the Claim of the

Plaintiff is not liquidated in another court of competent jurisdiction, that the Court liquidated the Claim of the Plaintiff by entering a monetary judgment against the Defendant for actual damages in an amount determined by the Court, that the Court award fees and costs to the Plaintiff, including his attorney fees and other legal costs, that the Court award the Plaintiff punitive damages and that the Court enter any other relief it deems just and equitable.

## SECOND CAUSE OF ACTION UNDER 11 USC § 523(A)(4)

40) Plaintiff reincorporates as if fully rewritten herein, the allegations contained in the above paragraphs.

41) Bankruptcy Code § 523(a)(4) provides, in relevant part, that:

A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt-

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

42) That Defendant, by being the owner and/or person in control of the Companies, was under a legal duty to operate in the best interest of the Companies and acted in a fiduciary capacity with respect to the Companies.

43) That as a fiduciary, the Defendant was under a legal obligation to act in the best interest of the Companies.

44) That the Plaintiff actually, reasonably and justifiably relief on Defendant's fiduciary capacity with respect to the Companies when entering into the Agreement and the Loan.

45) That the Defendant misappropriated and stole from the Companies those funds the Plaintiff had lent to the Companies under the Loan.

46) That the Defendant's actions of misappropriating and stealing from the Companies violated those fiduciary duties the Defendant had to the Companies.

47) That the Defendant's actions of misappropriating and stealing from the Companies constitutes the act of defalcation for purposes of § 523(a)(4).

48) That the Defendant's actions of misappropriating and stealing from the Companies constitutes the acts of embezzlement and larceny for purposes of § 523(a)(4).

49) That by the Defendant's actions of misappropriating and stealing money from the Companies, the Plaintiff's claim against Defendant and the Companies and his ability to recover against Defendant and the Companies under the Loan has been diminished and such claim has been rendered potentially valueless.

50) That as a direct and proximate result of the Defendant's actions of misappropriating and stealing money from the Companies, and committing the act of defalcation while acting in a fiduciary capacity, the Plaintiff has suffered an injury and incurred damages.

WHEREFORE, pursuant to 11 USC § 523(a)(4), the Plaintiff seeks an order and judgment from the Court holding that the Plaintiff's Claim in the Case arose as the result of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny on the part of the Defendant, and therefore such Claim is not subject to any order of discharge entered in the Case, and that to the extent the Claim of the Plaintiff is not liquidated in another court of competent jurisdiction, that the Court liquidated the Claim of the Plaintiff by entering a monetary judgment against the Defendant for actual damages in an amount determined by the Court, that the Court award fees and costs to the Plaintiff, including his attorney fees and other legal costs, that the Court award the Plaintiff punitive damages and that the Court enter any other relief it deems just and equitable.

Respectfully submitted,

**CAVELL LAW, LLC**

*/s/ Hunter G. Cavell*
HUNTER G. CAVELL (0090567)
30625 Solon Road, Suite C
Solon, Ohio 44139
Ph: 440-715-7090
Fax: 440-448-4901
hcavell@cavelllaw.com
*Counsel for Plaintiff Nolan Hilbruner*